

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. RDB 13 CV 2602 |
| | : | |
| RAYMOND E. MATTISON, SR., | : | |
| 1646 Baust Church Rd | : | |
| Union Bridge, MD 21791, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR MONEY JUDGMENT
## AND POSSESSION OF CHATTEL

COMES NOW, the United States of America, by and through the Honorable Rod J. Rosenstein, United States Attorney, and Larry D. Adams, Assistant United States Attorney, for the District of Maryland, and complains against the defendant as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 7 U.S.C. § 1981.

2. The plaintiff is the United States of America, acting through the Farm Service Agency ("FSA"), United States Department of Agriculture, with an office at 339 Busch's Frontage Road, Suite 104, Annapolis, Maryland 21409.

3. Defendant Raymond E. Mattison, Sr., is an adult individual whose last known address is 1646 Baust Church Road, Union Bridge, Maryland 21791.

4. On or about June 26, 2008, Defendant borrowed the sum of $50,000.00 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921, *et seq.* The loan is evidenced by a Promissory Note (Loan 44-01) of that same date. A copy of the

Promissory Note is attached hereto as Exhibit A.

5. On or about June 26, 2008, Defendant borrowed the sum of $70,000.00 from FSA pursuant to the Consolidated Farm and Rural Act, 7 U.S.C. § 1921, *et seq*. The loan is evidenced by a Promissory Note (Loan 44-02) of that same date. A copy of the Promissory Note is attached hereto as attached hereto as Exhibit B.

6. The loans were secured by chattels as evidenced by a Security Agreement dated June 26, 2008 and executed by Defendant. This Security Agreement covers all farm equipment, livestock and crops, among others, as more fully described in the Security Agreement, a copy of which is attached hereto as Exhibit C.

7. In order to perfect FSA's security interest in the collateral described in Exhibit C, Defendant executed and delivered to FSA a financing statement, which was recorded on June 20, 2008, in the financing records of the Maryland State Department of Assessments and Taxation, a copy of which is attached hereto as Exhibit D.

8. FSA has a valid, perfected, first priority security interest in all of the items described in Exhibit C.

9. Defendant did not fully repay the loans evidenced by Exhibit A and Exhibit B, and is therefore in default under the aforesaid Promissory Notes and Security Agreement. His indebtedness for this loan was accelerated on February 10, 2011. A copy of the acceleration notice is attached hereto as Exhibit E.

10. Under the terms of the Security Agreement attached hereto as Exhibit C upon default "Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party, and (b) waives all notices, exemptions, compulsory

position and redemption rights.

11. Upon information and belief, Defendant is in possession of the collateral described in Exhibit C without the consent of FSA. He has previously refused to turn over said collateral to FSA.

12. FSA is entitled to have immediate possession of all collateral described in Exhibit C, and to sell said collateral and apply the proceeds thereof to reduce the aforesaid loan indebtedness.

13. The balance due and owing FSA on account of the aforesaid loan as of September 6, 2013, is $62,410.69, and accruing interest thereafter at the daily accrual rate of $5.15. A certified statement of indebtedness is attached hereto as Exhibit F.

14. On or about August 14, 2013, after negotiation with undersigned counsel, Raymond Mattison paid $30,000.00 to reduce the outstanding balance. Moreover, Mr. Mattison has agreed to enter into a consent judgment to repay the unpaid balance. Once this case is docketed and a court number issued, a consent judgment for the remainder will be forwarded to Mr. Mattison for execution. Presumably the consent judgment will obviate the need for the other remedies listed below in the prayer for relief.

WHEREFORE, the United States demands the following:

1. Judgment against Defendant in the amount of $62,410.69, plus interest at the daily accrual rate of $5.15 to the date of judgment, and interest at the legal rate thereafter until the date of payment minus recent credits as outlined in paragraph 14 above.

2. An order requiring Defendant to make available all farm equipment, livestock and crops and permitting FSA to take possession of the collateral and to dispose of it in accordance

with the terms of the Security Agreement and the Uniform Commercial Code; that the net proceeds of said sale be applied first towards the payment of the costs of said sale and then towards the payment of FSA's judgment; and that FSA have and retain a deficiency judgment against Defendant in the event that the net sale proceeds, exclusive of costs, are less than the sum of FSA's entire judgment.

3. The costs of this action; and

4. Such other and further relief as the Court deems just.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney

By: _____
     Larry D. Adams (Bar No. 03118)
     Assistant United States Attorney
     36 South Charles Street, 4th Floor
     Baltimore, Maryland  21201
     410-209-4800